ANDREW S. T. FRITZ, LTD.
Laura L. Fritz, Esq.
Nevada Bar No. 6568
Andrew Fritz, Esq.
Nevada Bar No. 6649
625 South Sixth Street
Las Vegas, NV 89101
(702) 383-5155
Attorney for Debtor(s)

E-Filed: August 30, 2010

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:

CYNTHIA DEL ROSARIO
(XXX-XX-5374),

Debtor(s).

Case No.:     BK-S-09-19865-lbr

Chapter 13

Date:     September 15, 2010
Time:     10:30 a.m.
Trustee:  Rick A. Yarnall

## LIMITED OPPOSITION

The Debtor, CYNTHIA DEL ROSARIO, (hereinafter "Debtor"), by and through her attorney, Laura L. Fritz, Esq., of the law firm of ANDREW S. T. FRITZ, LTD., opposes the motion of The New York Bank of Mellon as successor in interest to JP Morgan Chase, (hereinafter "Creditor"), for relief from the automatic stay.

### POINTS AND AUTHORITIES

### RELEVANT FACTS

1.  On June 10, 2009, the Debtor filed a chapter 13 bankruptcy.

2.  The Debtor does not agree with the delinquent amount. Proof of all payments made since January 2010 were forwarded to The New York Bank of Mellon's local counsel, the law firm of WILDE & ASSOCIATES on August 30, 2010. Proof of the payments is linked to this Limited Opposition as Exhibit #1.

3. The loan is serviced by America's Servicing Company.

4. In the letter dated December 11, 2009, the Debtor was offered a special forbearance that lowered her payments to $1,338.99 for January 2010 through March 2010. The letter has been linked to this Limited Opposition as Exhibit #2.

5. In the letter dated June 9, 2010, the Debtor was informed that due to a recent escrow analysis that her payment would adjust to $1,346.98 beginning with the payment due August 1, 2010. The letter has been linked to this Limited Opposition as Exhibit #3.

6. The Debtor would like to move forward with an Adequate Protection Order to resolve any remaining late penalties and/or attorney's fees.

## APPLICABLE LAW

11 U.S.C. Section 362(d) allows for the modification or termination of the automatic stay for cause, including the following:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if-
 (A) the debtor does not have an equity in such property; and
 (B) such property is not necessary to an effective reorganization.

The Debtor wants to retain the home and resume payments. Pursuant to subsection (A), there may be equity in the home. In addition, the home is necessary to an effective reorganization pursuant to subsection (B).

Accordingly, the Debtor respectfully requests a continuance so that an Adequate Protection Order may be drafted and filed with the courts. If Adequate Protection is entered into prior to the hearing then this Limited Opposition would be taken off calendar.

Dated: August 30, 2010

/S/ Laura L. Fritz, Esq.
ANDREW S. T. FRITZ, LTD
Laura L. Fritz, Esq.
Attorney for the Debtor(s)